# GEORGE AND AUDREY MILLAK *v.*
# COMMISSION

Lee A. Hansen, Jones & Brown, Portland, Oregon, represented the plaintiffs.

Alfred B. Thomas, Assistant Attorney General, represented the defendant.

Decision for defendant rendered June 27, 1969.

EDWARD H. HOWELL, Judge.

The parties have agreed that the sole issue presented in the plaintiff's appeal is the value of certain furniture, fixtures and equipment in a tavern and cardroom purchased by plaintiffs in 1962.

In September, 1962, the plaintiffs purchased the tavern and cardroom for $80,000 and allocated $68,500 of the purchase price to the furniture, fixtures and equipment which are depreciable property. The balance of $11,500 was allocated by the plaintiffs to the value of good will and the city license for operating a card room.

The auditor for the tax commission disagreed with the value assigned to the depreciable property by the plaintiffs, disallowed the amount of depreciation claimed by the plaintiffs, and allocated $6,000 as the reasonable value of the furniture, fixtures and equipment. The auditor's valuation of the depreciable prop-

erty was affirmed upon plaintiffs' appeal to the tax commission. The tax years involved are 1962 to 1966, inclusive.

The equipment involved consists of various items including card tables, chairs, bar, stools, tobacco display counters, ice machines, beer cabinets and various kitchen equipment, as well as some furniture in the office.

The real estate broker who sold the business to the plaintiffs testified that in his opinion the furniture, fixtures and equipment involved in the sale had a reasonable value of $60,000. Plaintiffs' other witness, who had substantial experience in the sale and purchase of new and used restaurant and bar equipment, testified that the furniture, fixtures and equipment in place in the tavern had a reasonable value of $25,000. He also testified that the same equipment and fixtures removed from the premises and offered for sale on the used market would have only a value of $7,000 to $8,000.

The Multnomah County Deputy Assessor who appraised the property for the tax commission testified that in his opinion the personal property involved in the sale had a reasonable value of $6,235 in place as of September, 1962, the date of the sale.

This court concludes that the reasonable value of the personal property included in the sale in September, 1962, was $6,235, the value assigned to the subject property by the Multnomah County Deputy Assessor. This conclusion is substantiated by evidence produced at the trial which showed that the plaintiffs or their accountant or manager submitted personal property tax returns to the Multnomah County Assessor for the years 1963 to 1969, inclusive, in which

they reported the true cash value of the personal property in amounts ranging from $2,800 to $5,000.

ORS 308.290 requires every person owning personal property to make a return to the assessor listing such personal property and include a "statement of its true cash value." The return is also required to contain an affidavit or affirmation that the statements contained therein are true. The plaintiffs are in the anomalous position of claiming a value of $68,500 for the personal property for depreciation for income tax purposes and at the same time claiming a valuation of $5,000 for the property for ad valorem personal property taxation. Plaintiffs cannot be right in both cases.

It appears that the values used by the plaintiffs on their personal property tax returns more closely approximate the true cash value of the property than the values plaintiffs used for depreciation purposes on their income tax returns.

The order of the tax commission is affirmed and the valuation of the personal property is set at $6,235.